IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNATHAN SEPP ETTERER, # 278594, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:14cv1139-WKW-SRW |
| ) | |
| LOUIS BOYD, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed through counsel by Alabama inmate Johnathan Sepp Etterer ("Etterer") on November 7, 2014.  Doc. No. 1.[1]  Etterer challenges his 2009 conviction in the Lee County Circuit Court for the offense of attempted murder.  He was sentenced to 20 years in prison.  His § 2254 petition presents the claim that the attorney who represented him in proceedings on his petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure rendered ineffective assistance of counsel in those proceedings.

The respondents argue that Etterer's petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions.  Doc. No. 9.  The court agrees and finds that Etterer's petition should be denied without an evidentiary hearing.

**II.   DISCUSSION**

*AEDPA's One-Year Limitation Period*

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Citations to exhibits ("Resp'ts Ex.") are to exhibits included with the respondents' answer.  Page references are to those assigned by CM/ECF.

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

*State Court Proceedings*

Etterer was convicted of attempted murder, a violation of § 13A-4-2 and § 13A-6-2, Ala. Code 1975, following a jury trial in the Lee County Circuit Court. *See* Resp't's Exs. A and B. On September 25, 2009, the trial court sentenced him to 20 years' imprisonment. Resp'ts. Ex. B at 1. Etterer appealed, and on October 29, 2010, the Alabama Court of Criminal Appeals affirmed his conviction and sentence by memorandum opinion. Resp'ts Ex. A. Etterer moved for rehearing, which was overruled on November 19, 2010. He then filed a petition for a writ of certiorari with

2

the Alabama Supreme Court. That petition was denied by the Alabama Supreme Court on February 11, 2011, and a certificate of judgment was issued on the same date. Resp'ts Ex. C.

On October 28, 2011, Etterer, through counsel, filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure challenging his conviction and sentence. *See* Resp'ts Ex. E - Vol. 1, pt. 1 at 7-44. The Rule 32 petition alleged various claims of trial court error and ineffective assistance of trial and appellate counsel. *Id*. The trial court denied the Rule 32 petition by order entered on September 7, 2012. Resp'ts Ex. E - Vol. 1, pt. 3 at 59-65.

Etterer appealed from the denial of his Rule 32 petition, and on May 24, 2013, the Alabama Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion. Resp'ts Ex. B. After Etterer's application for rehearing was overruled, he filed a petition for a writ of certiorari with the Alabama Supreme Court. That petition was denied by the Alabama Supreme Court on November 15, 2013, and a certificate of judgment was issued on the same date. Resp'ts Ex. D.

*Application of 28 U.S.C. § 2244(d)*

Here, because the certificate of judgment on Etterer's direct appeal was issued on February 11, 2011, his conviction became final for purposes of federal habeas review – and the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) began to run – 90 days later, on May 12, 2011, when the time expired for him to seek certiorari review in the United States Supreme Court. *See Coates v. Byrd*, 211 F.3d 1225, 1225-27 (11th Cir. 2000).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation ...." 28 U.S.C. § 2244(d)(2); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). Etterer filed his state Rule 32 petition on October 28, 2011. Under §

2244(d)(2), that filling tolled the limitation period for filing a § 2254 petition. *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). When the Rule 32 petition was filed, the period for Etterer to file a § 2254 petition had run for 169 days (i.e., from May 12, 2011, to October 28, 2011), leaving Etterer 196 days (365 days minus 169 days) within which to file a § 2254 petition. The certificate of judgment for the state court proceedings on Etterer's Rule 32 petition was issued on November 15, 2013, at which time the federal limitation period began to run again. With 196 days then remaining on the federal habeas clock, Etterer had until May 30, 2014, to file a timely § 2254 petition, absent further statutory or equitable tolling. The limitation period ran unabated for the remaining time, expiring on May 30, 2014. Etterer did not file his § 2254 petition until November 7, 2014 – i.e., 161 days after the limitation period had expired.[2]

*Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). As the Supreme Court has reaffirmed, a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Secretary Dept. of Corr.*, 161 Fed.App'x 902, 903 (11th Cir. 2006). The

---

[2] The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Etterer such that AEDPA's limitation period commenced on some date later than May 12, 2011, or (counting tolling under § 2244(d)(2)) expired on some date later than May 30, 2014. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

4

burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 Fed.App'x 302, 306 (11th Cir. 2009).

Etterer argues that he is entitled to equitable tolling based on the alleged inaction of the attorney he hired to file his § 2254 petition in this court. Doc. No. 16 at 2. According to Etterer, he hired attorney Roger Appell in December 2013 to file his habeas petition, but Appell neglected to file his petition in a timely manner, waiting until November 7, 2014, to do so. *Id*. According to Etterer, Appell's inaction amounted to abandonment, thereby supplying the "extraordinary circumstance" necessary to warrant equitable tolling. *Id*. at 4-6. *See Maples v. Thomas*, 132 S.Ct. 912, 924 (2012) (recognizing attorney abandonment as "cause" to excuse a procedural default).

Under the first requirement of equitable tolling, the petitioner must pursue his rights with "reasonable diligence" rather than "maximum feasible diligence." *Holland*, 560 U.S. at 653. To establish diligence, the petitioner must present evidence showing reasonable efforts to timely file the action. *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). Where attorney inaction is asserted as a basis for equitable tolling, the court, in applying the reasonable diligence standard, should focus on "the petitioner's *own actions* in the face of his attorney's inaction." *See George v. Secretary Dept. of Corrections*, 438 Fed. App'x 751, 753 (11th Cir. 2011) (citing *Holland*, 560 U.S. at 653-54) (emphasis added). In *Holland*, the Supreme Court, focusing on the petitioner's efforts, concluded that the petitioner had met the reasonable diligence standard because he "wrote his attorney numerous letters seeking crucial information and providing direction," and "repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [the attorney] removed from the case." *Holland*, 560 U.S. at 653-54.

The Eleventh Circuit applied the *Holland* reasonable diligence standard in two cases involving alleged attorney misconduct and found that both petitioners failed to exercise reasonable

5

diligence and were not entitled to equitable tolling. *See Chavez v. Sec. Florida Dept. of Corrects.*, 647 F.3d 1057, 1071-72 (11th Cir. 2011); *George*, 438 Fed. App'x at 753. *Chavez* and *George* – and their application of *Holland* – were followed by the district court in *Jett v. Daniels*, 2012 WL 2577584 (N.D. Ala. Jun. 28, 2012), which rejected a petitioner's claim for equitable tolling based on the inaction of his post-conviction attorneys. As the district court observed in *Jett*:

> In *Chavez*, the petitioner failed to exercise reasonable diligence because he presented no evidence of attempting to contact the state court about his claim or urging his attorney to file post-conviction relief sooner. *Chavez*, 647 F.3d at 1071-72. The petitioner in *George* failed to meet the reasonable diligence standard merely by hiring a post-conviction attorney. The Eleventh Circuit in *George* noted that "nothing in *Holland* suggests that a petitioner may establish reasonable diligence merely by retaining an attorney." *Id.* at 753. In *George,* the petitioner gave no indication that he "diligently inquired of his attorney concerning the filing of the post-conviction motion or the effect that a later filing would have on a federal habeas corpus petition" and, thus, was not entitled to equitable tolling. *George*, 438 Fed. Appx. at 753 (internal quotations omitted).

*Jett,* at *2.

Etterer's case (like that of the petitioner in *Jett*) "is nothing like *Holland* and much more like *Chavez* and *George*." *Jett*, at *2. The actions of the petitioner in *Holland* to pursue his rights diligently differ greatly from Etterer's evident inaction. Etterer merely asserts that Appell, the attorney he hired to file a habeas petition on his behalf, failed to timely file his petition. He makes no claim that he attempted to contact Appell after hiring him to determine whether a habeas petition had been filed, or that he ever contacted an officer of this court – or anyone else – to inquire about the status of his petition. "In contrast, the petitioner in *Holland* exercised reasonable diligence by writing the Florida Bar, the court, and his attorney multiple times inquiring about the status of his case and the federal habeas petition." *Jett,* at *2 (citing *Holland*, 560 U.S. at 653-54).

6

Here, Etterer has shown only that he hired an attorney to file a habeas petition. He cannot establish reasonable diligence merely by hiring a post-conviction attorney. *See George*, 438 Fed. App'x at 753. He fails to show any diligence at all, much less reasonable diligence.

Because Etterer's failure to demonstrate reasonable diligence precludes equitable tolling in his case, a discussion of whether he has shown "extraordinary circumstances" would not change the court's finding that equitable tolling is not warranted. However, the court will briefly address this issue as well. *See United States v. Bottoms*, 2014 WL 3589503, at *3 (N.D. Fla. Jul. 21, 2014) (stating, "although a finding of a lack of diligence defeats her eligibility for equitable tolling, because a petitioner must show both due diligence and extraordinary circumstances, the court notes that Defendant also has not shown any extraordinary circumstance that stood in the way of her timely filing").

In *Holland*, the Supreme Court determined that equitable tolling may apply under extraordinary circumstances when the conduct of the petitioner's attorney amounts to more than "garden variety or excusable neglect." *Holland*, 560 U.S. at 651-52. The Court analyzed how Holland's attorney failed to file the habeas corpus petition on time and failed to determine the date on which the statute of limitations expired. The Court determined that these two instances alone would probably amount only to simple negligence, instead of an extraordinary circumstance as required for equitable tolling. *Id*. In Etterer's case, then, the attorney misconduct at issue – failure to file the habeas corpus petition on time – amounts only to a "garden variety claim" of negligence. The attorney conduct alleged in Etterer's case simply does not amount to the level of serious misconduct that determined the outcome in *Holland*. Etterer establishes no extraordinary circumstance sufficient to entitle him to equitable tolling.

7

Etterer fails to meet his burden of proving circumstances that would justify application of the equitable tolling doctrine. Therefore, because he failed to file his § 2254 petition within AEDPA's one-year limitation petition, his petition is time-barred and due to be denied.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before February 17, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 3rd day of February, 2017.

/s/ Susan Russ Walker  
Chief United States Judge