IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNATHAN SEPP ETTERER, | ) | |
| AIS # 278594, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:14-CV-1139-WKW |
| | ) | [WO] |
| LOUIS BOYD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM OPINION AND ORDER**

## **I. INTRODUCTION**

On November 7, 2014, Petitioner Johnathan Etterer, an Alabama inmate, filed a habeas petition under 28 U.S.C. § 2254 challenging his state conviction for attempted murder. In his petition, he claims ineffective assistance of counsel. However, the petition was filed more than one year after "the date on which the judgment became final," 28 U.S.C. § 2244(d)(1)(D), making it time-barred.[1] Thus, the issue is whether Petitioner can demonstrate a reason sufficient for the court to equitably toll the limitations period and consider his petition nonetheless.

On February 3, 2017, the Magistrate Judge filed a Recommendation advocating dismissal of Petitioner's claim on the ground that he has failed to make

---

[1] It is not disputed that Petitioner filed his petition late. (*See* Doc. # 16, at 2 ("Mr. Etterer does not contest the fact that his petition was filed nearly seven months out of time.").)

the showing necessary to establish his entitlement to equitable tolling. (Doc. # 20.) Petitioner filed timely objections. (Doc. # 21.) Upon an independent and *de novo* review of the record and Recommendation, Petitioner's objections are due to be overruled and the Magistrate Judge's Recommendation is due to be adopted.

## II. DISCUSSION

A petitioner is entitled to equitable tolling "only if he shows (1) 'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.*, at 653 (citations omitted). Furthermore, "the reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be equitable tolling." *Cadet v. Fla. Dep't of Corr.*, --- F.3d ----, No. 12-14518, 2017 WL 727547, at *7 (Feb. 24, 2017). Because Petitioner has failed to establish the first prong, his case is due to be dismissed.

A. **Reasonable Diligence**

In his objections, Petitioner does not challenge the legal proposition, as stated by the Magistrate Judge, that "[w]here attorney inaction is asserted as a basis for equitable tolling, the court, in applying the reasonable diligence standard, should

2

focus on 'the petitioner's *own actions* in the face of his attorney's inaction.'" (Doc. # 20, at 5.) Rather, Petitioner objects to the Magistrate Judge's factual conclusion that Petitioner has failed "to show any diligence at all, much less reasonable diligence." (Doc. # 20, at 7.) Responding to this charge, Petitioner asks for a hearing and contends for the first time that "it is believed the evidence would show that [he] wrote his attorney numerous letters asking for updates and that the parents of the petitioner called the attorney numerous times without success." (Doc. # 21, at 2.)

The court is unpersuaded by Petitioner's last-ditch effort to circumvent the statute of limitations. Before his most recent objection, Petitioner never alleged facts to suggest that he pursued his rights with anything resembling reasonable diligence, and he was given ample opportunity to do so. For example, prior to entering her Recommendation, the Magistrate Judge ordered Petitioner to "show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period." (Doc. # 10.) Petitioner filed a brief arguing he was abandoned by his counsel (Doc. # 16), whom his parents had retained, but nowhere in the brief does he claim he ever personally tried to contact his attorney.

Thereafter, the Magistrate Judge ordered Petitioner to address whether his abandonment claim "provides a basis for equitable tolling of the one-year limitation period." (Doc. # 17.) Again, he failed to claim that he made any effort to contact

3

his retained attorney.[2] In fact, the brief goes on to explain that Petitioner and his attorney "never spoke" and that his attorney "never even sent him so much as a letter" and "never communicated with [Petitioner] in any way." (Doc. # 18, at 4.) Despite all the talk of communication, Petitioner never mentions that he made any effort to contact his lawyer.

Now, facing dismissal for failure to pursue his rights with reasonable diligence, Petitioner's tune has changed. He avers for the first time in his objections that he wrote his attorney "numerous letters asking for updates." (Doc. # 21, at 2.) Because Petitioner makes this argument for the first time in his objections, the court will not consider it. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that the district court "properly exercised its discretion in deciding whether to consider any new arguments raised by [petitioner] in his objections to the magistrate judge's report and recommendation"). Accordingly, his first objection is due to be overruled.

## B. Extraordinary Circumstance

As the Magistrate Judge points out, "Etterer's failure to demonstrate reasonable diligence precludes equitable tolling in this case." (Doc. # 20, at 7.) For

---

[2] Petitioner does claim that *his parents* "attempted to stay in contact with" his attorney. (Doc. # 18.) However, the court looks to Petitioner's own actions in determining whether he pursued his claims with reasonable diligence, *see George v. Sec'y Dep't of Corr.*, 438 F. App'x 751, 753 (11th Cir. 2011), and Petitioner does not offer a reason why his parents' actions should be considered as his own.

4

this reason, the court need not and declines to decide whether Petitioner was "abandoned" by his attorney within the understanding of this circuit's and the Supreme Court's post-*Holland* jurisprudence. *See, e.g., Maples v. Thomas*, 565 U.S. 266, 283 (2012) (adopting Justice Alito's view, as set forth in his *Holland* concurrence, that "under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him"); *Cadet*, 2017 WL 727547, at *7 (reiterating the distinction between claims involving abandonment and claims involving attorney error).

### III. CONCLUSION

In light of the foregoing, it is ORDERED as follows:

1. Petitioner's objection as to the reasonable diligence prong of *Holland* is OVERRULED;

2. The Magistrate Judge's Recommendation as to the reasonable diligence prong of *Holland* is ADOPTED;

3. Petitioner's request for relief under 28 U.S.C. § 2254 is DENIED; and

4. This case is DISMISSED with prejudice.

A final judgment will be entered separately.

DONE this 12th day of April, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE